## TISSOTT ET AL. *vs.* BOWLES.

APPEAL FROM THE CITY COURT OF NEW ORLEANS.

A plea denying the consideration, requires the plaintiffs to prove it; but if there be also a plea of failure of consideration, the party himself must show it.

This is an action on a promissory note.

The defendant admitted his signature, but averred the note was given for goods unmerchantable, and that the consideration had failed.

A supplemental petition was filed; to which the defendant replied, that he admitted his signature but denied all consideration.

There was judgment against him and he appealed.

*Duvignaud,* for plaintiffs.

*Potts,* contra.

*Martin, J.* delivered the opinion of the court.

The defendant is appellant from a judgment on his promissory note. He excepted to the petition on the ground that the first names of the plaintiffs were not set forth; and in answer admitted his signature but averred that the note sued on was given for goods and merchandize, wholly unmerchantable and that therefore there was *a failure* of consideration. The plaintiffs, with leave, amended their petition stating their first names. To this amended petition the defendant answered, that he admitted his signature but *denied all* consideration.

The second answer, if it stood alone, would have required the plaintiffs to prove the consideration for which the note was given; but the first one, in our opinion, relieves them from this burthen. It states that the consideration of the note was a quantity of goods, sold by the plaintiffs to the defendant, which were averred to be unmerchantable. If they were so the defendant ought to have proved it. It was easy for him, when he discovered the quality, to have secured the necessary evidence to establish it. The plaintiffs may have sold him the

A plea denying the consideration, requires the plaintiffs to prove it; but if there be also a plea of failure of consideration the party himself must show it.

goods in boxes or packages which they had not opened. There being no evidence of the quality of the goods, judgment was correctly given for the amount of the plaintiffs' demand.

The defendant did not appear in the inferior court at the trial, which is a strong presumption that he had no defence; and that this appeal is frivolous and taken for delay alone.

It is therefore ordered, adjudged and decreed that the judgment of the City Court be affirmed with ten per cent. damages and costs in both courts.